UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: MONAVIE JUICE PRODUCTS MARKETING
AND SALES PRACTICES LITIGATION                                                  MDL No. 2778

ORDER DENYING TRANSFER

**Before the Panel**:[*] Consumer plaintiffs in a District of New Jersey action and a Central District of California action move under 28 U.S.C. § 1407 to centralize this litigation in the District of Utah or, alternatively, another district in which an action is pending. Plaintiff in the District of Utah action, Starr Indemnity & Liability Company, opposes the motion. Defendants MonaVie, Inc. and MonaVie, LLC (collectively, MonaVie) also oppose centralization. This litigation consists of three actions pending in three districts, as listed on Schedule A.

After considering all argument of counsel, we conclude that Section 1407 centralization of this litigation is not necessary. The actions here involve common factual issues arising from MonaVie's marketing of its juice products. Plaintiffs in the two consumer actions contend that MonaVie falsely represented that its various products possessed healing properties and other health-enhancing benefits. Plaintiff Starr, which entered into two Directors and Officers insurance policies with MonaVie, asserts that its policies do not cover the other actions in this litigation based on certain exclusions in the policies. In litigation such as this, where only a few actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate. *See In re: Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Moving plaintiffs have failed to do so here.

This litigation involves three actions filed in three districts between November 2012 and May 2015. Two of the three actions are procedurally advanced. Class certification has been denied twice in the Central District of California action, which is on the verge of trial, and in the District of Utah action, a motion for entry of default is pending because MonaVie is no longer represented by counsel. Consequently, we see few pretrial efficiencies to be gained by centralizing these actions.

The consumer plaintiffs seem to be seeking centralization to obtain a resolution of the insurance coverage dispute before they proceed with their individual cases. They contend that the Starr policies likely are MonaVie's only remaining assets available to pay their claims. Even so, it is unclear why the consumer plaintiffs waited until late-February 2017 to seek centralization of these cases, despite presumably being aware of MonaVie's insolvency and looming foreclosure by at least May 2015. Regardless, cooperation and coordination among the few involved courts and counsel in this litigation appears feasible. The judges presiding over the consumer actions simply may find

---

[*] Judge Lewis A. Kaplan took no part in the decision of this matter.

- 2 -

it advisable to stay those actions pending the resolution of the insurance coverage dispute or otherwise coordinate their rulings. We often have held that cooperation among a few involved courts and counsel regarding discovery (such as on coverage issues or other matters here) is a preferable alternative to centralization.[1] Finally, plaintiff in the Central District of California's pending motion to transfer the action to the District of Utah under Section 1404 action carries the added potential to streamline this litigation without resort to the Section 1407 framework.

IT IS THEREFORE ORDERED that the motion for Section 1407 centralization of the actions listed on Schedule A is denied.

PANEL ON MULTIDISTRICT LITIGATION

_Sarah Vance_
Sarah S. Vance
Chair

| Marjorie O. Rendell | Charles R. Breyer |
| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | |

---

[1] *See, e.g., In re: Boehringer Ingelheim Pharm., Inc., Fair Labor Standards Act (FLSA) Litig.*, 763 F. Supp. 2d 1377 (J.P.M.L. 2011) (denying centralization of four actions in which plaintiffs in three actions shared counsel and concluding that alternatives to formal centralization, such as voluntary cooperation among the few involved counsel and courts appeared viable).

IN RE: MONAVIE JUICE PRODUCTS MARKETING
AND SALES PRACTICES LITIGATION                                      MDL No. 2778

## SCHEDULE A

<u>Central District of California</u>

PARKER, ET AL. v. MONAVIE, INC., ET AL., C.A. No. 5:12‑01983

<u>District of New Jersey</u>

PONTRELLI v. MONA VIE, INC., ET AL., C.A. No. 2:13‑04649

<u>District of Utah</u>

STARR INDEMNITY & LIABILITY v. MONAVIE, INC., ET AL.,
    C.A. No. 2:14‑00395